THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lorenzo R. Nicholson, Appellant.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2011-UP-588
 Submitted December 1, 2011  Filed
December 21, 2011    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Mark R. Farthing, all of Columbia; and Solicitor W. Walter
 Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Lorenzo
 R. Nicholson appeals his convictions for trafficking cocaine and possession of
 a weapon during the commission of a violent crime.  He argues the trial court
 erred in denying his motion to suppress the cocaine and the weapon because the
 police found them at his house as a result of a search warrant for which the
 probable cause was obtained during an unconstitutional protective sweep.  We affirm.[1]
"In criminal cases, the
 appellate court sits to review errors of law only.  We are bound by the trial
 court's factual findings unless they are clearly erroneous."  State v.
 Butler, 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct. App. 2003) (citation
 omitted).  On appeals from a motion to suppress based on Fourth Amendment
 grounds, the court applies a deferential standard of review and will reverse if
 there is clear error.  State v. Tindall, 388 S.C. 518, 522, 698 S.E.2d
 203, 206 (2010).  However, this deference does not bar this court from
 conducting its own review of the record to determine whether the trial judges
 decision is supported by the evidence.  Id.  The arresting officers are
 permitted in the circumstances of an in-home arrest "to take reasonable
 steps to ensure their safety after, and while making, the
 arrest."  Maryland v. Buie, 494 U.S. 325, 333-34 (1990) (emphasis
 added).  

 The
 Fourth Amendment permits a properly limited protective sweep in conjunction
 with an in-home arrest when the searching officer possesses a reasonable belief
 based on specific and articulable facts[,] [together with the rational
 inferences from those facts,]  that the area to be swept harbors an individual
 posing a danger to those on the arrest scene.  

Id. at 337.  
The record supports the trial
 court's finding that the protective sweep was reasonable.  Arresting officers attested they tried to arrest Nicholson for armed
 robbery, pursuant to a warrant, at the front door of his house.  The officers
 stated they entered Nicholson's house
 while trying to handcuff him because he was uncooperative and backed into his
 house.  The officers asserted Nicholson remained uncooperative after being
 handcuffed and, in addition, asked to read the arrest warrant, delaying the
 departure from the house.  Moreover, their statements indicated that his sister's
 arrival at the front door contributed to Nicholson's unsettling behavior.  The officers testified they were concerned dangerous
 persons were in the house, like a passenger from a car waiting in Nicholson's
 driveway with its engine running and the operator in the driver's seat, one of
 Nicholson's codefendants in the armed robbery who was out on bond, or others
 staying at the house.  They also considered a protective sweep was necessary
 for their safety considering the crime for which Nicholson was being arrested
 and his disappearance from view before opening the door.  Additionally, the
 officers' description of the protective sweep giving them probable cause for a
 search warrant indicated it was limited.  Therefore, the protective sweep did
 not violate Nicholson's Fourth Amendment rights, and the trial court properly
 denied Nicholson's motion to suppress the cocaine and the weapon.
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.